**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Terry L. Lufkin and Bradley Lufkin,
d/b/a Lufkin's Service Center

    v.                                                                        Civil No. 13-cv-269-LM
                                                                               Opinion No. 2015 DNH 017
John S. Reed, Inc. and
John S. Little, as Administrator
of the Estate of Keith A. Butts


**O R D E R**

    The Plaintiffs, Terry and Bradley Lufkin ("Lufkins"), are the proprietors of Lufkin's Service Center ("Service Center"), a gas station and automotive repair shop located in Whitefield, New Hampshire.  In December of 2011, a flatbed tractor trailer truck lost control and careened through the Service Center, causing damage to a gas pump and the canopy above it.  The truck came to rest in a ravine beyond the Service Center, and the truck's driver, Keith A. Butts ("Butts"), was killed in the accident.  Because of damage to the Service Center, the Lufkins were ordered by local authorities to stop selling fuel.

    The Lufkins have brought this suit against John R. Reed, Inc. ("Reed"), a Tennessee corporation that owns the truck, and John S. Little ("Little" and, together with Reed, "Defendants"), a Tennessee attorney who has been appointed as the administrator of Butts's estate.  The complaint asserts a claim for negligent

operation of a motor vehicle against Little ("Count I"), and claims for respondeat superior ("Count II") and negligent failure to supervise ("Count III") against Reed.  The Lufkins seek compensation for damage to the Service Center, including losses stemming from their ongoing inability to sell fuel.

The Lufkins have filed a motion seeking partial summary judgment solely as to liability on Counts I and II.  A hearing was held on this motion on January 29, 2015.  For the reasons that follow, the Lufkins' motion for partial summary judgment is denied.[1]

**Factual Background**

In the early morning hours of December 20, 2011, Butts was driving the truck eastbound on Route 116 in Whitefield, en route from Tennessee to Vermont with a load of steel girders.  At approximately 5:50 a.m., Butts descended an incline on Route 116 as he approached the "T" intersection of Route 116 and Route 3.  Butts planned to execute a left turn onto Route 3 in order to head north.

---

[1] Reed has moved for summary judgment on Count III, contending that a claim for negligent failure to supervise is redundant of Count II, which is for respondeat superior.  The Lufkins did not oppose this motion, and conceded at oral argument that it should be granted because Reed has stipulated that Butts was acting within the scope of his employment at the time of the accident.  See Burley v. Hudson, 448 A.2d 375, 376-77 (N.H. 1982).

For reasons that are unclear, Butts proceeded through a stop sign at the intersection, failed to make the turn onto Route 3, and hurtled through the Service Center, which is located directly across from the intersection.  The truck struck a fuel pump and a support column for the Service Center's canopy, finally coming to rest in a ravine with its cab partially submerged in the Johns River.  Butts was killed when the steel girders flew forward and breached the rear wall of the cab.  Footage from security cameras captured the accident from three different angles.

## Legal Standard

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ponte v. Steelcase Inc., 741 F.3d 310, 319 (1st Cir. 2014) (citations omitted); see also Fed. R. Civ. P. 56(a).  When ruling on a motion for summary judgment, the court must "view[] the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Winslow v. Aroostook Cnty., 736 F.3d 23, 29 (1st Cir. 2013) (citations omitted) (internal quotation marks omitted).

"The object of summary judgment is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Dávila

v. Corporación de P.R. para la Difusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (citations omitted) (internal quotation marks omitted).  "[T]he court's task is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

## Discussion

The Lufkins seek summary judgment as to liability for Counts I and II, which assert claims against Little for negligent operation of a motor vehicle, and against Reed for respondeat superior, respectively.[2]  The Lufkins contend that the security camera footage establishes as a matter of law that Butts operated the truck negligently.  In the alternative, the Lufkins maintain that Butts was negligent per se in violating at least two New Hampshire traffic safety laws.  The Defendants counter that genuine issues of material fact remain regarding

---

[2] Under the theory of respondeat superior, "an employer may be held vicariously responsible for the tortious acts of its employee if the employee was acting within the scope of his or her employment when his or her tortious act injured the plaintiff."  Pierson v. Hubbard, 802 A.2d 1162, 1167 (N.H. 2002).  Reed does not dispute that Butts was acting within the scope of his employment at the time of the accident, but contends that genuine issues of fact remain regarding whether Butts acted negligently.

the road conditions at the time of the accident, precluding summary judgment.

The court has reviewed the footage from the three security cameras. Two of the angles merely show the truck as it barrels through the Service Center. The third angle, however, captures the intersection of Routes 3 and 116 as the truck careens through the stop sign and toward the Service Center. Because the footage was captured at nighttime, is somewhat grainy, and only shows a small portion of the roadway, it is impossible for the court to tell whether the truck was skidding at the time that it ran through the stop sign, or merely ran the stop sign without attempting to slow down.

I.  Negligence as a Matter of Law

Under New Hampshire law, a driver's loss of control of his vehicle is not dispositive evidence of negligence. Grigas v. Merrimack Farmers' Exch., 50 A.2d 230, 233 (N.H. 1946) ("[S]kidding in and of itself, when not due to carelessness on the part of the operator of an automobile, is not evidence of negligence."). This is particularly true where there is evidence of poor road conditions. Burns v. Cote, 164 A. 771, 772-73 (N.H. 1933) ("It is a matter of common knowledge that a car may skid on a slippery road without fault either on account of the manner of handling the car or on account of its being there.") (citations omitted) (internal quotation marks omitted).

Here, there are a series of factual questions related to Butts's operation of the truck and the road conditions at the time of the accident. These questions preclude the entry of summary judgment. As an initial matter, the stretch of Route 116 leading to the intersection is described in a police report as a "steep [downward] grade." What is more, eyewitnesses to the accident described the road as being "slippery" and "ice covered" at the time. While there is some evidence that the road may have been recently treated with salt and gravel, a New Hampshire state trooper described the roadway as having portions that were "covered with ice."

The New Hampshire Supreme Court has recognized that the question of whether road conditions are to blame for a traffic accident is one of fact. See Wiggin v. Kingston, 20 A.2d 625, 625-26 (N.H. 1941) ("Unexplained skidding does not indicate negligence, but when there are conditions within the driver's control which may be found accountable for it, careless control becomes causal of the loss of control. . . . Whether the defendant in the exercise of care should have anticipated that the speed at which she was driving on a road made slippery by soft wet snow was unreasonably dangerous, was an issue of fact."). While the security footage plainly shows the truck careening through the stop sign and onto the premises of the Service Center, the Defendants have demonstrated the existence

of genuine issues of material fact regarding whether the downward slope of the road and icy conditions were such that it was impossible for Butts to stop the truck's momentum and avert a collision.[3]

This is precisely the type of factual inquiry best left to a jury. Presented with the videotapes, the eyewitness accounts, and the reports of the responding officers, jurors will be able to resolve the dispositive factual dispute of whether Butts was operating the truck negligently at the time of the accident.

## II. Negligence Per Se

The Lufkins contend that even if the court were to hold that the security footage is inadequate to find the Defendants liable as a matter of law, liability may still be premised on the basis of negligence per se. "[T]he negligence per se doctrine may define the standard of conduct to which a defendant will be held as that conduct required by a particular statute, either instead of or as an alternative to the reasonable person standard." Mahan v. N.H. Dep't of Admin. Servs., 693 A.2d 79, 85 (N.H. 1997).

---

[3] The court has reviewed the two cases cited by the Lufkins at oral argument regarding the duty of drivers to appropriately account for slippery road conditions. See Nilsson v. Bierman, 839 A.2d 25 (N.H. 2003); Patterson v. Corliss, 298 A.2d 586 (N.H. 1972). Contrary to the Lufkins' contention, neither case stands for the proposition that a driver's liability is appropriately resolved as a matter of law on summary judgment.

The Lufkins maintain that Butts violated N.H. Rev. Stat. Ann. §§ 265:31(II) and 265:44, which pertain to the requirement to stop at marked stop signs, and to safely execute turns, respectively.[4]  The Lufkins argue that a finding of liability may be premised on these statutory violations.

This argument, however, overlooks the possibility that Butts was exercising due care at the time of the accident, and that his loss of control was the result of poor driving conditions.  Though New Hampshire state courts have not yet had occasion to parse the relevant section of the Restatement (Third) of Torts, the court finds it persuasive.  There, in discussing negligence per se, the authors write that "[a]n actor's violation of a statute is excused and not negligence if the actor exercises reasonable care in attempting to comply with the statute."  <u>Restatement (Third) of Torts: Liability for Physical and Emotional Harm</u> § 15(b).  In the comments that follow, the authors note:

> [T]he common law recognizes that [a] person can rebut negligence per se by showing that the person made a reasonable effort to comply with the statute.  For example . . . . if a statute imposes a strict-liability obligation on motorists to remain on the right side of the road, the motorist whose car crosses the middle of the road because of a sudden tire

---

[4] In relevant part, § 265:31(II) provides that "every driver of a vehicle approaching a stop intersection indicated by a stop sign shall . . . stop at a clearly marked stop line . . . ."  Also in relevant part, § 265:44 provides that "[n]o person shall turn a vehicle . . . upon a roadway unless and until such movement can be made with reasonable safety."

>    deflation is excused from negligence per se if the tire deflates despite the motorist's reasonable efforts to prevent this result.

Id. at cmt. c. For the reasons described above, the Defendants have proffered sufficient evidence to demonstrate the existence of genuine issues of material fact regarding whether the accident was the result of Butts's negligence, or whether the road conditions prevented him from stopping at the intersection despite his diligent efforts to do so.

## Conclusion

In these circumstances, it is premature to enter judgment for the Lufkins on the issue of Butts's negligence, and therefore similarly premature to find Reed liable for the actions of its employee based on respondeat superior. Thus, the Lufkins' motion for partial summary judgment (doc. no. 24) must be DENIED. Reed's motion for partial summary judgment (doc. no. 29) is GRANTED, and judgment shall enter for Reed on Count III.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 4, 2015

cc: Daniel Duckett, Esq.
    Thomas Kincaid mcCraw, Jr., Esq.
    Keith L. Miller, Esq.

9